**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000394
27-SEP-2011
08:55 AM**

NO. CAAP-11-0000394


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NARCISO H. YU, JR.,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
REYNOLD MASATOSHI HIRAZUMI; JAVA HAWAII INVESTMENT,
Defendants/Counterclaim-Plaintiffs/
Cross-Claim Plaintiffs/Appellees
and
MIN YOUNG WOO (aka) also known as ALISA WOO,
Defendant/Cross-Claim Defendant/Appellee,
and
JOY REALTY, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0094(KKS))


<u>ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION</u>
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff/Counterclaim-Defendant/Appellant Narcisco H. Yu, Jr. (Appellant Yu), has asserted from the Honorable Karl K. Sakamoto's April 15, 2011 oral announcement that the circuit court intends to deny Appellant Yu's motion for summary judgment, because the circuit court has not yet entered a separate judgment that resolves all

claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

Although the circuit court announced its decision to deny Appellant Yu's motion for summary judgment, an "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (citing Rule 4(a)(1) of

the Hawai'i Rules of Appellate Procedure (HRAP)). "A judgment or order is entered when it is filed in the office of the clerk of the court." HRAP Rule 4(a)(5). Although the circuit court's minutes reflect the circuit court's intent to enter an order denying Appellant Yu's motion for summary judgment, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). Most significantly, however, the circuit court has not yet reduced any of its dispositive rulings to a separate judgment that resolves all parties' claims, as HRCP Rule 58 requires for an appeal under the holding in Jenkins. On June 30, 2011, the record on appeal for appellate court case number CAAP-11-0000394 was filed, at which time the record on appeal did not contain a separate judgment.

Absent a separate, appealable judgment, Appellant Yu's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000394 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 27, 2011.

Chief Judge

Associate Judge

Associate Judge